IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Christine Kelderhouse as the Special Administratrix of the Estate of MICHAEL CORTEZ, <br><br> Plaintiff, <br><br> v. <br><br> Corrections Officer Percy Fox, Keith Richardson, Charles Hodges, Eduardo Rodriguez, County of Cook and Cook County Sheriff Michael F. Sheahan <br><br> Defendants. | No. 05 C 4503 <br><br> Wayne R. Andersen <br> District Judge |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of Defendants, County of Cook (the "County"), Cook County Sheriff Michael Sheahan, former Cook County Correctional Officer Eduardo Rodriguez, Officer Percy Fox, Officer Keith Richardson, and Officer Charles Hodges to dismiss Counts I, IV, V, and VII of Plaintiff's Complaint. For the following reasons, the motion is granted in part and denied in part.

## BACKGROUND

The Complaint alleges that on July 31, 2004, the decedent, Michael Cortez, attempted to kill himself while being held as a pretrial detainee in the Cook County Department of Corrections. This botched suicide attempt landed Mr. Cortez in the hospital for three days. On August 3, 2004, Mr. Cortez was released from the hospital and put into the custody of the Cook County Department of Corrections. On August 4, 2004, Mr. Cortez suffered severe injuries while attempting to hang himself in a Cook County Department of Corrections holding cell. He

died four days later. Plaintiff's Complaint alleges that Defendants knew, or should have known, of decedent's suicidal tendencies and could have prevented his death. In this regard, Plaintiff, decedent's mother, has filed a six count complaint naming as Defendants four correctional officers, Sheriff Sheahan and the County of Cook, alleging various state law claims as well as claims under 42 U.S.C. § 1983 ("Section 1983"). Defendants have moved, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss Counts I, IV, V, and VII of the Complaint.

## DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Fed. R. Civ. P. 12(b)(6). *Hishon v. King & Spaulding*, 467 U.S. 69, 72 (1984). In ruling on a 12(b)(6) motion, a court must accept the well pleaded allegations of the complaint as true and view them in the light most favorable to the plaintiff. *Gomez v. Ill. Bd. of Educ.*, 811 F.2d 1030, 1038 (7th Cir. 1987). Moreover, a court need not strain to find inferences favorable to the plaintiff which are not apparent on the face of the complaint. *Coates v. Ill. Bd. of Educ.*, 559 F.2d 445, 446 (7th Cir. 1977).

Defendants argue that Plaintiff's claims fail for the following four reasons. Count I fails to state a Section 1983 individual capacity claim against Sheriff Sheahan because Plaintiff failed to allege any affirmative link between decedent's suicide and Sheriff Sheahan. Defendants next argue that Count IV fails to state a Section 1983 parent's loss of society claim because, under the established law, no cause of action exists. Next, Defendants argue that Count V fails to state an Illinois wrongful death claim. Finally, Defendants argue that Count VII fails to state a common law respondeat superior claim against the County. We will address each of these arguments in turn.

I. Count I-- §1983 Individual Capacity Claim Against Sheriff Sheahan

In Count I, Plaintiff makes two Section 1983 individual capacity claims against Sheriff Sheahan. First, Plaintiff claims Sheriff Sheahan violated decedent's constitutional rights because Sheahan knew, or should have known, of decedent's "suicidal tendencies" and, but for Sheahan's deliberate indifference, decedent's death could have prevented. Second, Plaintiff claims that Sheriff Sheahan violated decedent's constitutional rights by failing to "train [his] correctional officers to properly monitor and screen suicidal inmates." These two claims will be analyzed separately below.

It is well established that an individual cannot be held liable in a Section 1983 action unless he caused, or participated in, the constitutional deprivation. *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *McBride v. Soos*, 679 F.2d 1223, 1227 (7th Cir. 1982). A causal connection between the misconduct complained of and the official sued is necessary. *Wolf-Lillie*, 699 F.2d at 869. That is, in order for a plaintiff to state a claim against a defendant in his individual capacity, plaintiff must allege facts which show that the defendant caused, or participated in, the alleged constitutional deprivation.

It is also well established that a supervisory defendant cannot be held liable in a Section 1983 action unless the constitutional deprivation occurred with his knowledge and consent. *Chavez v. Ill. State Police*, 251 F.3d 612, 652 (7th Cir. 2001); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Thus, in order to state a claim against a supervisory defendant in his individual capacity, the plaintiff must allege facts which show that the supervisory defendant knew of, and consented to, the alleged constitutional deprivation.

A. No Affirmative Link Between Decedent's Suicide And Sheriff Sheahan.

In Count I, Plaintiff attempts to state an individual capacity claim against Sheriff

3

Sheahan by alleging Sheahan "knew or should have known, based upon prior arrest (August 1, 2004) and medical records from South Suburban Hospital that Michael Cortez had suicidal tendencies" and, but for Sheahan's deliberate indifference, decedent's death could have been prevented. As previously noted, in order for a plaintiff to state a claim against a defendant in his individual capacity, plaintiff must allege facts which show that the defendant caused, or participated in, the alleged constitutional deprivation. *Wolf-Lillie*, 699 F.2d at 869; *McBride*, 679 F.2d at 1227.

In the case at bar, Plaintiff has failed to allege any affirmative link between decedent's suicide and Sheriff Sheahan. For example, Plaintiff has not alleged that Sheriff Sheahan personally reviewed any reports regarding the decedent's arrest or his medical records. Further, there are no allegations that Sheriff Sheahan developed a personal awareness of decedent's detainee status in the Cook County Department of Corrections or ever monitored the decedent's well being. Accordingly, Plaintiff has not properly alleged that Sheriff Sheahan caused, or participated in, the alleged deprivation of decedent's constitutional rights.

In addition, Sheriff Sheahan's supervisory status does not link him to the decedent's suicide. As previously noted, in order for a plaintiff to state a claim against a supervisory defendant in his individual capacity, plaintiff must allege facts which show that the supervisory defendant knew of, and consented to, the alleged constitutional deprivation. *Chavez*, 251 F.3d at 652; *Gentry*, 65 F.3d at 561.

In this case, Plaintiff failed to allege any facts linking Sheriff Sheahan to the decedent's suicide. For example, it is not alleged that Sheriff Sheahan knew that his subordinates were failing to monitor decedent's well being. Likewise, it is not alleged that Sheriff Sheahan consented to this purported indifference. Accordingly, as to Sheriff Sheahan's supervisory status,

4

Plaintiff has not properly alleged that Sheahan knew of, and consented to, the alleged deprivation of decedent's constitutional rights.

### B. No Liability Against Sheriff Sheahan For Failure To Train

In Count I, Plaintiff also attempts to state an individual capacity claim against Sheriff Sheahan by alleging that Sheahan violated decedent's constitutional rights by failing to "train [his] correctional officers to properly monitor and screen suicidal inmates." As the Seventh Circuit held in *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), "plaintiff faces a substantial challenge because failure to train claims are usually maintained against municipalities, not against individuals . . .and, in the Eighth Amendment context, such claims may only be maintained against a municipality." 266 F.3d at 739-40, citing *Farmer v. Brennan*, 511 U.S. 825, 841 (1994) (other citations omitted).

In this case, Sheriff Sheahan is being sued individually. Accordingly, under *Farmer* and *Sanville*, Plaintiff has not properly alleged that Sheriff Sheahan deprived decedent of his constitutional rights by his failure to train correctional officers to properly monitor suicidal inmates. *See Farmer*, 511 U.S. at 841; *Sanville*, 266 F.3d at 739-40.

For these reasons, all of the Section 1983 claims in Count I against Sheriff Sheahan in his individual capacity are dismissed.

### II. Count IV—§1983 Parent's Loss of Society Claim

In Count IV, Plaintiff attempts to state a Section 1983 individual capacity claim against Sheriff Sheahan and the individual officers by alleging that they deprived her "of her liberty interest in the continued society and companionship of her son Michael Cortez." Defendants argue that the United States Constitution, through the federal civil rights statute 42 U.S.C. § 1983, does not provide parents with a cause of action for the loss of society and companionship

of their adult children. *See Russ v. Watts*, 414 F.2d 783, 790-91 (7th Cir. July 11, 2005)(*overruling Bell v. Milwaukee*, 746 F.2d 1205 (7th Cir. 1984); *reh'g denied, en banc*, 2005 U.S. LEXIS 16776 (7th Cir. August 8, 2005)).

In her response to the motion to dismiss, Plaintiff acknowledges that Defendants are correct and that the *Russ* case is controlling. Plaintiff agrees to voluntarily dismiss Count IV of the Complaint and, therefore, Count IV is dismissed.

### III. Count V--Wrongful Death Claim

In Count V, Plaintiff attempts to state an Illinois wrongful death claim against Sheriff Sheahan and the officers because their alleged willful and wanton misconduct proximately caused the injury and death of the decedent. Defendants claim that they are entitled to immunity for their actions pursuant to Sections 4-103 and 4-105 of the Local Governmental and Governmental Employees Tort Immunity Act ("TIA"). Section 4-103 provides as follows:

> Neither a local public entity nor a public employee is liable for failure to provide
> a jail, detention or correctional facility, or if such facility is provided, for failure
> to provide sufficient equipment, personnel, *supervision* or facilities therein.
> Nothing in this Section requires the periodic inspection of prisoners.

745 ILCS 10/4-103 (2004). It is well established that Section 4-103 of the TIA applies to county sheriffs. *Pico v. Cook*, U.S. Dist. LEXIS 25353, at 6-8 N.D. Ill. 2004); *Tatum v. Davis*, 1996 U.S. Dist. LEXIS 9547, at 7-9 (N.D. Ill. 1996); *Jefferson v. Sheahan*, 279 Ill. App. 3d 74, 76 (Ill. App. Ct. 1996). Section 4-103 appears to provide both county sheriffs and public employees with absolute immunity should they fail to sufficiently supervise the jail or inspect prisoners. 745 ILCS 10/4-103.

In the case at bar, Plaintiff attempts to hold Sheriff Sheahan and the officers liable for their purported "willful and wanton" failure to prevent decedent's suicide. Under Section 4-103,

6

both Sheriff Sheahan and the officers, as public employees, are absolutely immune for any failure to supervise the jail or periodically inspect decedent's well being. 745 ILCS 10/4-103. *Pico*, U.S. Dist. LEXIS 25353, at 6-8.

However, immunity under Section 4-105 is a different story. Section 4-105 provides:

Neither a local public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but this Section shall not apply where the employee, acting within the scope of his employment knows from his observation of conditions that the prisoner is in need of immediate medical care and, through wilful and wanton conduct, fails to take reasonable action to summon medical care. Nothing in this Section requires the periodic inspection of prisoners.

745 ILCS 10/4-105. Thus, pursuant to 4-105, Defendants can be held liable for a failure to furnish or provide medical care to the decedent when Plaintiff alleges that the Defendants knew that the decedent was in need of immediate medical care and willfully and wantonly failed to take reasonable action.

In this case, Plaintiff alleges that when the decedent was first taken into police custody, he swallowed capsules of Ibuprofen and Tylenol in an attempt to commit suicide. He was taken to the hospital, where he allegedly told nurses he would continue attempting suicide until he succeeded. He further told the nurses that he did not want to live. When decedent was discharged from the hospital, his final diagnosis was depression and suicidal ideation. He was then transferred to the Cook County Department of Corrections as a pretrial detainee from the hospital. There, he was then screened and transferred to the psychiatric tier. Plaintiff alleges that defendants failed to monitor inmates in the psychiatric unit because decedent was allowed to hang himself, which ultimately resulted in his death. In sum, Plaintiff alleges that defendants knew, or should have known, based on decedent's prior arrest and medical records from the hospital that the decedent had suicidal tendencies and that decedent's death could have been

prevented by defendants.

Taking these allegations in the light most favorable to the Plaintiff, we find that it is possible that she could prove that Defendants were aware of the decedent's suicidal condition and his need for immediate medical attention and failed to take reasonable action to provide that care. We find that because Plaintiff has alleged sufficient facts to indicate that Defendants knew of decedent's suicidal tendencies, a jury could reasonably infer that they acted with reckless disregard for the decedent's life and health in willfully and wantonly failing to respond to decedent's condition. Thus, we cannot hold, at this stage of the proceedings, that Defendants are entitled to immunity pursuant to Section 4-105 of the Governmental and Governmental Employees Tort Immunity Act. Therefore, Defendants motion to dismiss Count V is denied.

IV. Count VII--Respondeat Superior Claim Against The County

In Count VII, Plaintiff attempts to state a common law respondeat superior claim against the County for the purported negligent acts of the Sheriff and various Cook County Department of Corrections officers in failing to prevent decedent's suicide. The Illinois Supreme Court has held that no employment relationship exists between the County of Cook and the Cook County Sheriff. *See, e.g., Moy v. County of Cook*, 159 Ill. 2d 519, 531 (1994). In other words, the County of Cook may not be held vicariously liable for the conduct of the Cook County Sheriff or his employees. *Id.* at 532.

In the case at bar, Plaintiff attempts to hold the County vicariously liable for the actions of correctional officers employed by the Cook County Sheriff. However, *Moy* unequivocally holds that this cause of action does not exist. *Id.* Accordingly, Plaintiff has not stated a claim against the County in Count VII for respondeat superior liability against the County, and this claim is dismissed.

## CONCLUSION

For the foregoing reasons, we grant in part and deny in part the motion to dismiss Plaintiff's Complaint filed by Defendants County of Cook, Cook County Sheriff Michael Sheahan, former Cook County Correctional Officer Eduardo Rodriguez, Officer Percy Fox, Officer Keith Richardson, and Officer Charles Hodges (## 8, 13, 19). The motion to dismiss is granted as to the Count I § 1983 individual capacity claims against Sheriff Sheahan, the Count IV loss of society claim, and the Count VII respondeat superior claims against the County. The motion is denied as to Count V.

It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated: August 31, 2006