IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Christine Kelderhouse as the Special Administratix of the Estate of MICHAEL CORTEZ,** | ) ) ) ) |
| Plaintiffs, | ) No. 05 C 4503 ) |
| v. | ) Wayne R. Andersen ) District Judge |
| **Corrections Officers Percy Fox, Keith Richardson, Charles Hodges, and Eduardo Rodgriguez; Cook County Sheriff Michael F. Sheahan, Ted Garlewski, David Carrington, Leslie Stein, Carl Alaimo and Isaac Ray Center, Inc.,** | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of Defendants, Doctors Garlewski, Carrington, Stein, Alaimo, the Isaac Ray Center (hereinafter the "Doctor Defendants"), Corrections Officers Fox, Richardson, Hodges, Rodriguez, and Cook County Sheriff Dart, to dismiss Plaintiff's Third Amended Complaint. For the reasons set forth below, Defendants' motion is granted in part and denied in part.

## BACKGROUND

Plaintiff, Christine Kelderhouse, as the Special Administratix of the Estate of Michael Cortez, filed her original Complaint against Cook County Correctional Officers, Cook County Sheriff Sheahan, and the County of Cook. Plaintiff alleged federal civil rights violations under 42 U.S.C. § 1983, respondeat superior liability against the County, as well as state law claims for wrongful death and conscious pain and suffering for the death of Michael Cortez.

On September 27, 2005, Defendants moved to dismiss Counts I, IV, V, and VII of Plaintiff's original Complaint. Before any resolution on Defendants' motion to dismiss the original Complaint, Plaintiff filed her First Amended Complaint in an effort to add new Defendants. Plaintiff filed her First Amended Complaint which, for the first time, named Doctors Garlewski, Carrington, Stein, Alaimo, and the Isaac Ray Center as defendants. The First Amended Complaint included both federal claims under 42 U.S.C. § 1983, and state claims for wrongful death and conscious pain and suffering.

On August 31, 2006, this Court granted in part and denied in part Defendants' motion to dismiss the First Amended Complaint. Plaintiff then filed a Second Amended Complaint which lacked expert testimony for some of the state law medical claims as is required under Illinois law. Subsequently, Plaintiff filed a Third Amended Complaint on November 5, 2007 to include the requisite expert testimony. The Third Amended Complaint alleges that the decedent, Michael Cortez, was transferred into the custody of the Cook County Department of Corrections on August 3, 2004 and that he hanged himself in his cell that same day. Plaintiff further alleges that thereafter, on August 8, 2004, Mr. Cortez died of his injuries.

Currently before the Court is Defendants' motion to dismiss Counts I, IV- VIII and IX as time-barred by the statute of limitations. Defendants also move to dismiss Count II for failure to state the constitutional rights violated under this 42 U.S.C. § 1983 claim.

## DISCUSSION

In ruling on a motion to dismiss, the court must draw all reasonable inferences in favor of the plaintiff, construe allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Reg.*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir.

2

1991). Under Fed. R. Civ. P. 8(a)(2), a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has interpreted that language to impose two minimal hurdles. "First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the … claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the complaint's allegations "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *Concentra Health*, 496 F.3d at 776 (citing *Bell Atlantic*, 127 S. Ct. at 1965, n.14).

Defendants first argue that the 42 U.S.C. § 1983 claims against the Doctor Defendants are barred by the two-year statute of limitations. Michael Cortez hanged himself in his cell on August 3, 2004, but did not die until August 8, 2004. Defendants claim that the First Amended Complaint, which was the first time the Doctor Defendants were mentioned, was not filed until August 18, 2006. Thus, Defendants contend that the two-year statute of limitations bars Plaintiff from naming Doctors Garlewski, Carrington, Stein, Alaimo, and the Isaac Ray Center as Defendants.

The statute of limitations for a 42 U.S.C. § 1983 claim in Illinois is two years. *Dixon v. Chrans*, 986 F.2d 201, 203 (7th Cir. 1993). The parties agree that these claims in the Third Amended Complaint relate back to the filing of the First Amended Complaint, the first time the Doctor Defendants were brought into the case. Therefore, the relevant inquiry for statute of limitations purposes is two-fold: 1) determining the date on which the First Amended Complaint was filed; and 2) determining when the cause of action accrued.

Plaintiff filed her First Amended Complaint for the first time on August 8, 2006 as an attachment to her motion for leave to file the First Amended Complaint, even though the Court did not grant leave of Court to file the First Amended Complaint until August 18, 2006. We consider the filing date for the First Amended Complaint to be August 8, 2006. Although leave of Court had not yet been formally given to Plaintiff to file the First Amended Complaint, she did in effect have it on file with the Court on that date. Therefore, we consider the First Amended Complaint to be filed on August 8, 2006 for statute of limitations purposes.

As to the second issue, we believe that Plaintiff's cause of action accrued on August 8, 2004, the date of death of Michael Cortez. Therefore, Plaintiff's filing of the First Amended Complaint on August 8, 2006 is within the two-year statute of limitations for 42 U.S.C. § 1983 claims, and Defendants' motion to dismiss the 42 U.S.C. § 1983 claims in counts I, VII, VIII, and IX is denied.

Defendants next argue that Plaintiff's state law claims in Counts IV – VI against the Doctor Defendants are barred by the statute of limitations because the Tort Immunity Act provides a one-year statute of limitations against local government employees. The statute of limitations under the Tort Immunity Act draws a distinction between claims against local government employees, who are offered a shorter statute of limitations under 745 ILCS 10/8-101, and private individuals. The statute of limitations for local government employees is only one year. *Id*. Private individuals sued under Illinois tort law have a two year statute of limitations.

Plaintiff counters that these claims are not barred by the statute of limitations because the Doctor Defendants are being sued in these counts as private individuals and thus the statute of limitations is two years. Defendants claim that because Plaintiff, in the Third Amended

4

Complaint, classifies the Doctor Defendants as local government employees in the Complaint, a one-year statute of limitations applies and Plaintiff's state law claims against these Doctor Defendants are time-barred.

In the Third Amended Complaint, Plaintiff makes repeated reference to these Defendants as employees of a municipal entity. On page 15 of the Third Amended Complaint, Plaintiff details that the Isaac Ray Center, as a contractor of psychological services for the Sheriff at the Cook County Correctional Center was at all times acting under color of state law. Plaintiff cannot be allowed to state in her Complaint that these are employees of a governmental agency, acting within the scope of their authority as such, and then argue that they are "private parties" in order to extend the expiration of the statute of limitations. Instead, Plaintiff pleads that the Defendants are employed by the Isaac Ray Center which is contracted to provide psychological services to the detainees at the Cook County Correctional Center. All allegations against them stem from their treatment of Plaintiff's decedent relative to that employment. As such, they are entitled to a one-year statute of limitations period as provided for in the Tort Immunity Act. Therefore, the motion to dismiss the claims against the Doctor Defendants in Counts IV, V and VI is granted.

Lastly, Defendants argue that Plaintiff's Count II omitted the relevant constitutional right that was violated under the 42 U.S.C. § 1983 claim. Count II of Plaintiff's Third Amended Complaint brings a cause of action pursuant to 42 U.S.C. § 1983 against Defendants Fox, Rodriguez, Richardson, and Hodges, alleging a failure to adequately screen and monitor.

Section 1983 creates a federal cause of action for "the deprivation, under color of [state] law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States." *Ledford v. Sullivan*, 105 F.3d 354 (7th Cir. 1997) (quoting *Livadas v. Bradshaw*,

114 S. Ct. 2068, 2083 (1994)). Section 1983 is not itself a front for substantive rights; instead it acts as an instrument for vindicating federal rights conferred elsewhere. *Id.* (citation omitted). The first step in any § 1983 analysis is to pinpoint the specific constitutional right which was allegedly violated. *Id*. (citing *Graham v. Connor*, 109 S. Ct. 1865, 1870-71 (1989)); *Kernats v. O'Sullivan*, 35 F.3d 1171, 1175 (7th Cir. 1994).

In her Third Amended Complaint, Plaintiff fails to state with specificity exactly which of her constitutional rights were violated. Plaintiff merely makes a statement that her constitutional rights were violated. This general language is not sufficient. The validity of the claim must be judged by reference to the specific constitutional standard which governs that right. *Graham*, 490 U.S. at 394; *Spiegel v. Rabinovitz*, 121 F.3d 251, 254 (7th Cir. 1997). Without reference to a specific constitutional standard, Defendants cannot properly respond to Plaintiff's allegations. Therefore, we grant Defendants' motion and give Plaintiff leave to file a Fourth Amended Complaint correcting this defect.

## CONCLUSION

For all of these reasons, we grant in part and deny in part the Defendants' motion to dismiss (# 84). The motion is granted as to Counts II, IV, V, and VI. The motion to dismiss is denied in all other respects. Plaintiff is directed to file her Fourth Amended Complaint by June 16, 2008. It is so ordered.

It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated: June 3, 2008

6